IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| --- | --- | --- |
| v. | : | |
| | : | NO. 11-251-04 |
| LUIS RODRIGUEZ | : | |

DuBOIS, J.                                                                                                        May 19, 2011

# **M E M O R A N D U M**

## I. INTRODUCTION

On April 27, 2011, a grand jury returned a thirteen-count indictment against defendant Luis Rodriguez and four co-defendants. The indictment charges the defendant in five of the thirteen counts as follows:

- Count I: Conspiring to knowingly and intentionally distribute five kilograms or more of cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(C);

- Counts II and III: Knowingly and intentionally possessing with intent to distribute, and aiding and abetting the possession with intent to distribute, five kilograms or more of cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), 860(a), and 18 U.S.C. § 2;

- Count X: Knowingly and intentionally possessing with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and

- Count XI: Conspiring to knowingly and intentionally maintain, and aiding and abetting the maintaining of, a building, located at 3075 Jasper Street in Philadelphia, for the

1

purpose of unlawfully storing, manufacturing, and distributing cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2. Defendant is not named in the other eight counts of the indictment.

On April 4, 2011, after hearing evidence and arguments from counsel for both the government and the defendant, Magistrate Judge M. Faith Angell ordered the defendant detained pending defense counsel's preparation of a package of proposed conditions for pretrial release. On April 27, 2011, at a hearing before Magistrate Judge Jacob P. Hart, defense counsel presented to the Court defendant's package of proposed conditions. After hearing argument from counsel for both the government and the defendant, Magistrate Judge Hart ordered the defendant detained.

Presently before the Court is defendant's Appeal and Motion to Revoke Magistrate's Order for Detention Pending Trial. The Court conducted a hearing on defendant's appeal and motion on May 17, 2011. At that hearing, the transcripts of the April 4 and 27, 2011 hearings before Magistrate Judges Angell and Hart, and the Bail Report prepared by the United States Pretrial Services Office, were admitted into evidence, and additional evidence was received. At the conclusion of the hearing, the Court denied defendant's Appeal and Motion to Revoke Magistrate's Order for Detention Pending Trial. This Memorandum amplifies the bases for the Court's denial of defendant's appeal and motion.

## II. LEGAL STANDARD

This Court has jurisdiction to review the magistrate judge's decision under 18 U.S.C. § 3145(b). That section requires the Court to make a <u>de novo</u> determination of the magistrate judge's detention order. <u>United States v. Delker</u>, 757 F.2d 1390, 1394 (3d Cir. 1985). However, the reasons articulated by the magistrate judge must be given "respectful consideration." <u>United</u>

2

States v. Suppa, 799 F.2d 115, 120 (3d Cir. 1986). The transcript of the hearing before the magistrate judge may also be admitted into evidence in the hearing before the district court. See States v. Delker, 757 F.2d 1390, 1394-95, 1395 n.3 (3d Cir. 1985).

### III. FINDINGS OF FACT

Having reviewed the submissions of the parties and the transcripts of the hearings before Magistrate Judges Angell and Hart, and after conducting an evidentiary hearing on May 17, 2011, the Court makes the following findings of fact:

1. There is probable cause to believe that the defendant knowingly and intentionally conspired to distribute, and possessed with intent to distribute, marijuana and five kilograms or more of cocaine within 1,000 feet of a school.

2. There is probable cause to believe that the defendant knowingly and intentionally maintained, and aided and abetted the maintaining of, a building located at 3075 Jasper Street, Philadelphia, PA ("the Warehouse"), for the purpose of unlawfully storing, manufacturing, and distributing cocaine, cocaine base, and marijuana.

3. On January 28, 2011, federal agents seized approximately $2.3 million in cash from the Warehouse. On March 29, 2011, federal agents recovered $96,000 in cash scattered in various places throughout the Warehouse.

4. The defendant was arrested by state authorities on March 8, 2011 for possession with intent to distribute nearly four pounds of marijuana that he had retrieved from the Warehouse. The police found the defendant in possession of $14,208 in cash at the time of arrest. After being released on bail on March 17, 2011, defendant was observed coming and going from the very same Warehouse on at least two occasions. On March 29, 2011, he was arrested by federal authorities after leaving the Warehouse.

5. From October 2010 to March 29, 2011, Drug Enforcement Administration ("DEA") agents observed the defendant numerous times at the Warehouse. Defendant was one of only three individuals involved in the drug conspiracy who could gain entry to the Warehouse with his own garage door opener. On numerous occasions, agents observed the defendant arrive at the Warehouse empty-handed, and then leave a few minutes later carrying at least one dark-colored bag, which sometimes varied in size. The defendant typically placed the bag on the bed of his pick-up truck and drove away.

6. The defendant was present at the Warehouse on March 29, 2011 when his co-conspirator, Luis Luna-Cartagena, arrived. Sometime after the defendant left the Warehouse, Luna-Cartagena left the Warehouse. DEA agents arrested Luna-Cartagena, who was found in possession of three kilograms of cocaine that he had obtained from the Warehouse.

7. The nature of the charges against the defendant, and the fact that if convicted, he will be incarcerated for a mandatory minimum term of twenty years, establish his danger to the community and increase the risk that the defendant will not appear as required by the Court.

8. According to the Bail Report, the defendant was previously arrested by state authorities on September 30, 1988 and charged with, <u>inter alia</u>, two criminal conspiracy counts, one count of knowing possession of a controlled substance, and one count of manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance. He was found guilty of these charges and sentenced to a term of imprisonment of at least four years, and no greater than ten years, for the drug charges, and to a term of imprisonment of at least three years, and no greater than ten years, on the two conspiracy charges.

9. Defendant has substantial ties to the community. He has lived in the Philadelphia area his entire life, and currently lives in Feasterville, Pennsylvania with his fiancée and three

4

children. Defendant has two other children from a previous relationship, both of whom he supports through child support payments. Defendant's father and six sisters also live in the Philadelphia area.

10. As part of his proposed conditions of pretrial release, defendant is willing to post two properties: his home in Feasterville and another property in Philadelphia. Defendant's equity in the two properties is approximately $223,000.

11. Defendant is a high school graduate, has completed one year of community college, and is certified in plumbing and heating. Defendant reports that he is self-employed as a home remodeling contractor who "flips houses," and that he owns a total of ten rental properties. Defendant has not provided any explanation for the source of funds for his "house-flipping" activities or for his purchase of the ten rental properties.

## IV. CONCLUSIONS OF LAW

The Bail Reform Act, 18 U.S.C. § 3141 et seq., provides for pretrial detention only where a defendant poses a risk of flight or a danger to the community. The Act provides that where "there is probable cause to believe that [a defendant] committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," "[s]ubject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A).

The defendant has a prior felony drug conviction in state court, and the present indictment charges him with violating various provisions of the Controlled Substances Act, 21 U.S.C. § 801 et seq. Given the defendant's prior convictions and the charges in the present indictment, he faces a mandatory minimum twenty-year term of imprisonment. See 21 U.S.C.

§ 841(b). The rebuttable presumption of § 3142(e)(3)(A) therefore applies so long as the Court finds probable cause to believe that the defendant committed the offenses for which he is charged in the indictment.

An indictment is "sufficient to support a finding of probable cause triggering the rebuttable presumption . . . under § 3142(e)." United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986). Based on the indictment and the Court's factual findings as stated above, the Court concludes that there is probable cause to believe that the defendant committed the offenses for which he is charged in the indictment.

The presumption of § 3142(e) shifts to the defendant only the burden of producing evidence that the defendant is neither a danger nor a flight risk; the burden of persuading the court that the defendant is dangerous or will not appear for trial remains with the government. Id. To rebut the presumption of detention, the defendant "must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986) (emphasis added). Production of evidence relating to character, family ties, employment, and length of residence in the community may rebut the presumption that he poses a danger to the community. Id. at 561. To meet its burden of persuasion, the government must prove by clear and convincing evidence that the defendant is a danger to the community, or by a preponderance of the evidence that he poses a risk of flight if released pending trial. United States v. Himler, 797 F.2d 156, 160-61 (3d Cir. 1986).

In this case, the Court concludes that the defendant has rebutted the presumption of detention against him by producing some credible evidence, such as his family and community ties and the properties he is willing to post for bail, that he will appear for trial and that he will

6

not pose a danger to the community.  See Carbone, 793 F.2d at 560.  The Court concludes, however, that the evidence produced by the defendant is outweighed by the evidence provided by the government.  The government has met its burden demonstrating by clear and convincing evidence that the defendant is a danger to the community and by a preponderance of the evidence that no condition or set of conditions can reasonably assure his appearance.

V.     **CONCLUSION**

For the reasons stated above, defendant's Appeal and Motion to Revoke Magistrate's Order for Detention Pending Trial is denied.  An appropriate order follows.